GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

STEVIE FAMULARI,

                    Plaintiff,                             **COMPLAINT**

       -against-                                   Dkt. No.

FARMINGDALE STATE COLLEGE OF THE STATE
UNIVERSITY OF NEW YORK,

                    Defendant.
------------------------------------------------------------------------X

Plaintiff Stevie Famulari, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendant Farmingdale State College of the State University of New York ("Farmingdale"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for retaliation based on opposition to disability discrimination in violation of the Rehabilitation Act of 1973 ("Rehabilitation Act") and retaliation based on opposition to sex discrimination in violation of Title IX of the Education Amendments of 1972 ("Title IX").

2. Professor Famulari was employed as a professor in Farmingdale's Urban Horticulture and Design Department, which was chaired by Jonathan Lehrer, beginning in

September 2017. Professor Famulari was reviewed for a continuing appointment, the equivalent of tenure, in the 2020-2021 academic year

3. In the spring of 2021, Professor Famulari advocated for the inclusion of a student with disabilities in an internship program sponsored by the department and contacted Farmingdale's Office of Student Disabilities to ensure there would be appropriate accommodations for the student to succeed.

4. Lehrer harshly criticized Professor Famulari's advocacy on behalf of the disabled student and stated that it could affect his support for her continuing appointment.

5. Also in the spring of 2021, Professor Famulari advocated for consideration of diverse candidates in terms of sex and ethnicity for a new staff position in the Urban Horticulture Department as well as for future faculty positions. Lehrer criticized Professor Famulari for this as well and stated that it would affect his support of her continuing appointment.

6. Lehrer made good on his threats. Although he had officially recommended her for the continuing appointment, behind the scenes he subverted her application, providing false information to Farmingdale's provost to convince the provost and Farmingdale's president that Professor Famulari was undeserving of the continuing appointment.

7. As a result of Lehrer's conduct, Farmingdale's president denied Professor Famulari a continuing appointment, which resulted in the termination of her employment.

**THE PARTIES**

8. Stevie Famulari is a resident of the Bronx, New York.

9. Defendant Farmingdale State College of the State University of New York is a New York State institution located in Farmingdale, New York. Farmingdale is a recipient of financial assistance from the federal government.

## VENUE AND JURISDICTION

10. This Court has subject matter jurisdiction over Professor Famulari's claims against Defendants pursuant to 28 U.S.C. § 1331.

11. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

12. This Court has personal jurisdiction over Defendant Farmingdale because it is a New York State institution and employed Plaintiff within New York State.

## FACTS

### A. Professor Famulari's Background and Accomplishments at Farmingdale.

13. Professor Famulari received her undergraduate degree from New York University, a master's degree in landscape architecture from the State University of New York College of Environmental Science, and has completed all the requirements for a Ph.D., other than a dissertation from the Royal Melbourne Institute of Technology in Melbourne, Australia.

14. Professor Famulari worked as a professor in the Department of Landscape Architecture at North Dakota State University before being hired at Farmingdale in 2017. She has published two peer-review books and her exhibitions and work have been widely recognized in the field.

15. At Farmingdale, Professor Famulari was extremely successful. She received strong evaluations from her students with over 90 percent of her students rating her highly, received positive peer teaching evaluations, was involved on several college committees, and was well-respected by the Farmingdale community as evidenced by her selection as Phenomenal Woman of the Year by the Farmingdale Student Government Association.

16. In the 2020-2021 academic year, Professor Famulari was considered for continuing appointment, which is equivalent to tenure in the SUNY system.

      B. Professor Famulari Opposes Department Chair Lehrer's Discrimination Against a Student with Disabilities.

17. Farmingdale's Horticulture Department planned an internship program for 10 of the department's students for the summer of 2021. Beginning on March 24, 2021, Professor Famulari and the other faculty members, as well as Lehrer, the department chair, were tasked with selecting students to participate in the program.

18. One of the applicants for the program was a student with learning disabilities.

19. On April 19, 2021, Professor Famulari informed Lehrer and the other faculty members that the student with disabilities would need accommodations to participate in the program.

20. Lehrer responded that because of the student's disabilities, Lehrer would not select him for the internship program.

21. In an email exchange about the student, in which a faculty member commented on the student's use of a particular tool, Lehrer ridiculed the student, commenting "[a]s long as he wasn't trimming trees with a shovel."

22. Professor Famulari objected to Lehrer's email stating "[h]e has learning disabilities. That's in poor taste to say." Professor Famulari also repeatedly told Lehrer and the other faculty members that it would be wrong to not select the student for the internship program because of his disabilities.

23. Professor Famulari also suggested that the faculty group speak to Farmingdale's Office of Student Disabilities to see how they could help the student succeed in the internship program.

24. Although Lehrer stated he would contact the disabilities office, he failed to do so, and on April 22, 2021, Professor Famulari contacted the office herself to discuss the accommodations the students would require.

25. Approximately 30 minutes after Professor Famulari's conversation with the disabilities office, Lehrer called her and yelled at her, castigating her for speaking to the disabilities office about the student. When Professor Famulari responded that it was everyone's responsibility to help the student's learning process, Lehrer threatened that she should not be challenging him when her continuing appointment [tenure] was being considered. When Professor Famulari questioned Lehrer about whether she was threatening her tenure, Lehrer repeated that she should not be engaging in this type of conduct when she was being reviewed for tenure.

26. Eventually the disabilities office scheduled a meeting about the student which was attended by both Lehrer and Professor Famulari. At the meeting, Lehrer emphasized that he did not want the student to be a "burden" to the other students and staff. Professor Famulari objected that it was inappropriate for Lehrer to refer to the student as a "burden."

    C. Professor Famulari Opposes Unlawful Discrimination by Pressuring Lehrer for Consideration of Diverse Candidates.

27. Also in the spring 2021 semester, a committee of the Horticulture Department was considering candidates for an open staff position.

28. In an email dated March 22, 2021, and later in committee meetings, Professor Famulari advocated for consideration of candidates who were women or persons of color. Lehrer criticized her for that advocacy and directed her to stop making comments about diverse

candidates. Lehrer told Professor Famulari that she should not be engaging in this conduct while she was being reviewed for tenure.

D.  Lehrer Sabotages Professor Famulari's Continuing Appointment.

29.   Farmingdale's procedures for consideration of candidates for continuing appointment provide for the review of candidates by a departmental review committee, by external reviewers, by the department chairperson, by the dean of the college, and by a college review committee. All of these individuals and entities, except for Lehrer, as explained below, recommended Professor Famulari for continuing appointment.

30.   The procedures also provide that a candidate for continuing appointment who receives a negative recommendation from the candidate's department chair can appeal it to the college review committee.

31.   On or about March 15, 2021, prior to Professor Famulari's opposition to Lehrer's discrimination against the student with disabilities and advocacy for the consideration of women and persons of color in staff and faculty appointments], Lehrer had recommended Professor Famulari for continuing appointment. Lehrer stated, "[m]y review of the materials submitted by Prof. Stevie Famulari indicates that her credentials satisfy the standards for continuing appointment stated by the College Committee for Continuing and Term Appointments."

32.   After Professor Famulari's opposition to discrimination, however, on or about August 26, 2021, Lehrer secretly communicated with Farmingdale's Provost, Laura Joseph, that Professor Famulari should not receive a continuing appointment.

33.   Specifically, Lehrer told Joseph that he had two main criticisms of Professor Famulari: 1) that Professor Famulari was not an effective teacher in that he had received many complaints about her from students, that she did not use technology well in the classroom and

6

that other professors, specifically Michael Veracka, had told him that students were not well-prepared with technology; and 2) that Professor Famulari engaged in disruptive behavior which Lehrer discussed with Dean Vogel.

34. Lehrer's subterfuge violated Farmingdale's procedures and prevented Professor Famulari from appealing his recommendation against the continuing appointment to the College Committee.

35. In addition to violating Farmingdale's procedures, Lehrer's attacks on Professor Famulari were false and retaliatory. In terms of Professor Famulari's teaching, her evaluations were extremely positive, with 91.6 percent of the evaluations being favorable. In addition, Ken Tax, Senior Network Administrator in the School, later wrote that Professor Famulari's "use of technology in the classroom is "second to none." In addition, Professor Veracka, who, according to Lehrer, had complained about the students' preparedness, later told an appeals panel that Professor Famulari's students were, in fact, well-prepared with technology. With respect to the alleged disruptive behavior Lehrer discussed with Dean Vogel, Vogel denied speaking to Lehrer about Professor Famulari.

36. Based on Lehrer's false criticisms of Professor Famulari, Provost Joseph recommended against granting Professor Famulari a continuing appointment. Farmingdale's president, John Nader, then followed the provost's recommendation and made the final decision to deny the continuing appointment. The decision was communicated to Professor Famulari in letters dated September 3, 2021, and September 16, 2021.

37. The September 3, 2021 letter also informed Professor Famulari's that her employment at Farmingdale was terminated, effective September 2022.

7

## FIRST CLAIM FOR RELIEF
(Retaliation in Violation of Rehabilitation Act)

38. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

39. Farmingdale, a recipient of federal financial assistance.

40. Farmingdale retaliated against Plaintiff for her opposition to disability discrimination in violation of Section 504 of the Rehabilitation Act.

## SECOND CLAIM FOR RELIEF
(Retaliation on Violation of Title IX)

41. Plaintiff repeats and realleges the allegations contained in the preceding paragraph above as if fully set forth herein.

42. Farmingdale is an educational institution receiving federal financial assistance.

43. Farmingdale retaliated against Plaintiff in violation of Title IX. \

WHEREFORE, Plaintiff demands a judgment:

1. Reinstating Plaintiff's employment and granting her a continuing appointment;

2. Enjoining Defendant from retaliating against Plaintiff based on her opposition to disability and sex discrimination;

3. Awarding Plaintiff back pay,

4. Awarding Plaintiff damages, including but not limited to damages for emotional distress;

5. Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
June ___, 2022

                          GISKAN, SOLOTAROFF & ANDERSON LLP

                          s/_____
            By:    Jason L. Solotaroff
                    90 Broad Street
                    New York, New York 10004
                    646-964-9640
                    jsolotaroff@gslawny.com
                    *ATTORNEY FOR PLAINTIFF*